Jared J. Braithwaite (CA State Bar No. 288642)
    jbraithwaite@mabr.com
MASCHOFF BRENNAN
100 Spectrum Center Drive, Suite 1200
Irvine, California 92618
Telephone:   (949) 202-1900
Facsimile:   (949) 453-1104

Attorney for Defendant Topcon Positioning Systems, Inc.

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **Hydro Net LLC**, <br><br> Plaintiff; <br><br> v. <br><br> **Topcon Positioning Systems, Inc.**, <br><br> Defendant. | Case No. 5:20-cv-06116-LHK <br><br> **Topcon Positioning Systems, Inc.'s Motion to Dismiss Hydro Net LLC's Amended Complaint** <br><br> HON. JUDGE LUCY H. KOH <br> UNITED STATES DISTRICT JUDGE <br> COURTROOM 8 <br><br> Date:   December 31, 2020 <br> Time:   1:30 p.m. <br> Place:  Courtroom 8 |

**TABLE OF CONTENTS**

I. INTRODUCTION ..................................................................................................................2

II. ARGUMENT .........................................................................................................................2

 A. Pleadings require factual allegations to support plausible claims. ..................................2

 B. Hydro Net's infringement allegations are all against an unidentified "system utilized by the accused product" as opposed to the accused products themselves—with no allegation that Topcon makes, uses, or sells the unidentified system. .................3

 C. Hydro Net only makes conclusory allegations of indirect infringement with no underlying factual allegations to support them............................................................5

III. CONCLUSION ......................................................................................................................6

# TABLE OF AUTHORITIES

**CASES**

*Akamai Techs., Inc. v. Limelight Networks, Inc.*,
    692 F.3d 1301 (Fed. Cir. 2012) .................................................................................................. 3

*Ashcroft v. Iqbal*,
    556 U.S. 662 (2009) ................................................................................................................ 2, 3

*Bell Atlantic Corp v. Twombly*,
    550 U.S. 549 (2007) ................................................................................................................... 3

*Centillion Data Sys., LLC v. Qwest Commc'ns Int'l, Inc.*,
    631 F.3d 1279 (Fed. Cir. 2011) .................................................................................................. 5

*Ericsson, Inc. v. D-Link Sys., Inc.*,
    773 F.3d 1201 (Fed. Cir. 2014) .............................................................................................. 3, 5

*Fujitsu Ltd. v. Netgear Inc.*,
    620 F.3d 1321 (Fed. Cir. 2010) .................................................................................................. 6

*Garrett v. TP-Link Research Am. Corp.*,
    No. 20-CV-03491-SI, 2020 WL 5517202 (N.D. Cal. Sep. 14, 2020) ..................................... 5, 6

*In re Bill of Lading Transmission & Processing Sys. Patent Litig.*,
    681 F.3d 1323 (Fed. Cir. 2012) .................................................................................................. 6

*Kyocera Wireless Corp. v. Int'l Trade Comm'n*,
    545 F.3d 1340 (Fed. Cir. 2008) .................................................................................................. 6

*Omega Patents, LLC v. CalAmp Corp.*,
    920 F.3d 1337 (Fed. Cir. 2019) .................................................................................................. 5

TO PLAINTIFF HYDRO NET LLC AND ITS ATTORNEYS OF RECORD IN THE ABOVE-CAPTIONED ACTION:

 PLEASE TAKE NOTICE that on December 31, 2020 or at such other date and time as the Court may determine, before the Honorable Lucy H. Koh, United States District Judge, Defendant Topcon Positioning Systems, Inc. does—and hereby shall—move the above-entitled Court for an order dismissing ("Motion") Plaintiff Hydro Net LLC's Amended Complaint.

 This Motion is made under Rule 12(b)(6) of the Federal Rules of Civil Procedure on the grounds that Hydro Net's Amended Complaint fails to state a claim upon which relief can be granted.

 This Motion is based upon the attached Memorandum of Points and Authorities, the pleadings and records on file in the Action, and such further evidence and argument as may be presented at the hearing on, or in connection with, the Court's determination of the Motion.

Dated: November 25, 2020    Respectfully submitted,

          MASCHOFF BRENNAN
         By: /s/ Jared J. Braithwaite
          Jared J. Braithwaite

         Attorney for Defendant
         Topcon Positioning Systems, Inc.

# I. INTRODUCTION

Plaintiff Hydro Net filed its Amended Complaint (ECF No. 10) against Topcon for direct, indirect, and contributory patent infringement of U.S. Patent No. 7,187,706. Hydro Net's Amended Complaint alleges that Topcon directly infringes the '706 Patent by manufacturing, using, or selling its "Exemplary Products" or "Exemplary Defendant Products"—with the only identified Topcon product being its "FC-5000" product. (Amended Complaint at ¶ 11 and Ex. 2.) The Amended Complaint also purports to state claims for indirect and contributory infringement based on Topcon's selling the Exemplary Defendant Products. (*Id.* at ¶¶ 15–16.)

While Hydro Net identifies Topcon's FC-5000 as the accused product, the claim charts appended to the Amended Complaint continually identify "[a] system *utilized by* the accused product" as the allegedly infringing instrumentality of the asserted claims, and there is not any allegation that Topcon makes, uses, or sells this unidentified "system used by the accused product." (*See* Ex. 2 to the Amended Complaint, *passim*.) Thus, the there are no factual allegations that Topcon's accused product meets the limitations of the identified method or system claim—only allegations against a "system *used by*" Topcon's products. Without adequate allegations that Topcon or its products actually infringe the claims of the '706 Patent, the Court should grant Topcon's Motion and dismiss Hydro's Amended Complaint.

# II. ARGUMENT

**A.  Pleadings require factual allegations to support plausible claims.**

To survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "Plausibility" means "more than a sheer possibility," and facts that are "merely consistent" with liability but are also consistent with nonliability fall short of "plausibility." *Id.*

Furthermore, on a motion to dismiss, while courts accept a plaintiff's well-pleaded facts as true, courts "are not bound to accept as true a legal conclusion couched as a factual allegation." *Id.* (quoting *Bell Atlantic Corp v. Twombly*, 550 U.S. 549, 555 (2007)). "In keeping with these principles a court

considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Iqbal*, 556 U.S. at 679.

To adequately state a claim for direct infringement of method claims, the complaint must allege the accused infringer "perform[ed] all the steps of the claimed method, either personally or through another acting under his direction or control." *Akamai Techs., Inc. v. Limelight Networks, Inc.,* 692 F.3d 1301, 1307 (Fed. Cir. 2012). Mere sale of an accused device cannot suffice. *Ericsson, Inc. v. D-Link Sys., Inc.,* 773 F.3d 1201, 1222 (Fed. Cir. 2014) ("In fact, none of our decisions have found direct infringement of a method claim by sales of an end user product which performs the entire method, and we decline to do so here.").

**B.     Hydro Net's infringement allegations are all against an unidentified "system utilized by the accused product" as opposed to the accused products themselves—with no allegation that Topcon makes, uses, or sells the unidentified system.**

The '706 Patent is entitled "Handoff and Source Congestion Avoidance Spread-Spectrum System and Method" and relates to cellular telephone networks (Ex. 1 to the Amended Complaint.) Hydro Net's claims charts appended to the Amended Complaint identify claims 1, 6, and 10 as the allegedly infringed claims. (Ex. 2 to the Amended Complaint.) Claim 1 is a method claim and requires "transmitting … from a first base station" and "receiving at a remote station," among other limitations. Claims 6 and 10 are system claims and require a "distributed network"; "a first base station"; "a second base station"; and a remote state," among other limitations. In other words, the claims are directed to entire communications networks (such as networks operated by cellular service providers) and are not directed to a single device. Nevertheless, Hydro Net alleges infringement of these claims by an end-user device that Topcon offers known as the FC-5000.

Hydro Net's claim charts assert that the FC-5000 meets only some limitations—but not all limitations of any claim—of the asserted claims. Instead, for the vast majority of the claim limitations, Hydro Net's claim charts state that the claim elements are met by a "system utilized by the accused product"—a few examples of which are shown below:

| US7187706 | Topcon's FC-5000 ("The accused product") |
|---|---|
| 1. An improvement method to a frequency division duplex (FDD) distributed-network, spread-spectrum system comprising the steps of: | A system, spread-spectrum system, utilized by the accused product practices an improvement method to a frequency division duplex (FDD) distributed-network (e.g., a network comprising the accused product with 802.11b/g/n capability, another product/device to which the accused product can communicate via 802.11b/g/n communication, and several base stations). |

(Amended Complaint Ex. 2, ECF 10-2, Page 2 of 197.)

| transmitting, using radio waves, from a second base station a second BS-packet signal at a second frequency, with the second | The system utilized by the accused product practices transmitting, using radio waves, from a second base station (e.g., a cell other than the serving cell of a user equipment) a second BS-packet signal (e.g., a reference signal from a cell other than the serving cell) at a second frequency (e.g., inter-frequency cell reselection, a cell operates at different carrier frequency, i.e., reference |

(Amended Complaint Ex. 2, ECF 10-2, Page 31 of 197.)

| 6. An improvement to a spread-spectrum system comprising: | A system utilized by the accused product is an improvement to a spread-spectrum system.<br><br>The accused product has LTE-FDD and 802.11b/g/n capabilities. |

(Amended Complaint Ex. 2, ECF 10-2, Page 73 of 197.)

| a frequency division duplex (FDD), distributed network; | The system utilized by the accused product comprises a frequency division duplex (FDD), distributed network (e.g., a network comprising the accused product with 802.11b/g/n capability, another product/device to which the accused product can communicate via 802.11b/g/n communication, and several base stations). |

(Amended Complaint Ex. 2, ECF 10-2, Page 80 of 197.)

| a second base station, located in, and part of, the FDD distributed network, for transmitting, using | The system utilized by the accused product comprises a second base station (e.g., a cell other than the serving cell of a user equipment), located in, and part of, the FDD distributed network, for transmitting, using radio waves, a second BS-packet signal (e.g., a reference signal) at a |

(Amended Complaint Ex. 2, ECF 10-2, Page 98 of 197.)

| a remote station (RS) for receiving the first BS-packet signal and the second BS-packet signal, and thereby determining a first RS- | The system utilized by the accused product comprises a remote station (RS) (e.g., the accused product) for receiving the first BS-packet signal (e.g., a first reference signal from the serving cell) and the second BS-packet signal (e.g., a second reference signal from a cell other than the serving cell), and thereby determining a first RS-received signal (e.g., a demodulated signal from |

(Amended Complaint Ex. 2, ECF 10-2, Page 111 of 197.)

| 10. An improvement to a spread spectrum system comprising: | A system utilized by the accused product is an improvement to a spread-spectrum system. |

(Amended Complaint Ex. 2, ECF 10-2, Page 141 of 197.)

| a frequency division duplex (FDD), distributed network; | The system utilized by the accused product comprises a frequency division duplex (FDD), distributed network (e.g., a network comprising the accused product with 802.11 b/g/n capability, another product/device to which the accused product can communicate via 802.11a/b/n communication, and several base stations). |

(Amended Complaint Ex. 2, ECF 10-2, Page 148 of 197.)

Of course, allegations of direct patent infringement require that the alleged direct infringer combine all the claim's elements or sell all the elements for there to be infringement. *Centillion Data Sys., LLC v. Qwest Commc'ns Int'l, Inc.*, 631 F.3d 1279, 1288 (Fed. Cir. 2011); *Omega Patents, LLC v. CalAmp Corp.*, 920 F.3d 1337, 1345 (Fed. Cir. 2019); *Garrett v. TP-Link Research Am. Corp.*, No. 20-

CV-03491-SI, 2020 WL 5517202, *3 (N.D. Cal. Sep. 14, 2020) (citing *Centillion Data* and *Omega Patents*). But there is no allegation that Topcon makes, uses, or sells anything other than the "accused product," which is not the device that is alleged to meet the claim elements.

Moreover, the method claim cannot be practiced by the mere sale of an accused device to a customer. Instead, the accused product must actually be used. Topcon sells the accused product to customers. As a result, it would be a rare occurrence, if ever, that Topcon would infringe the method claim. And mere sale of an accused product cannot infringe a method claim. *Ericsson,* 773 F.3d at 1222.

Without any allegation that Topcon or its products practice each element of any of the patent claims, the Amended Complaint fails to state a plausible claim for direct patent infringement. And where there is no allegation that the defendant makes, uses, or sells, the allegedly infringing method or systems, then there is no claim for direct infringement and such claims should be dismissed. *See Garrett*, 2020 WL 5517202, *3–*5 (N.D. Cal. Sep. 14, 2020). The Court should accordingly grant Topcon's Motion and dismiss the Amended Complaint.

**C.     Hydro Net only makes conclusory allegations of indirect infringement with no underlying factual allegations to support them.**

"To prevail on inducement, the patentee must show, first that there has been direct infringement, and second that the alleged infringer knowingly induced infringement and possessed specific intent to encourage another's infringement." *Kyocera Wireless Corp. v. Int'l Trade Comm'n*, 545 F.3d 1340, 1353–54 (Fed. Cir. 2008). "To state a claim for induced infringement, a plaintiff needs to plead 'facts sufficient to allow an inference that at least one direct infringer exists.'" *Garrett*, 2020 WL 5517202, at *6 (N.D. Cal. Sept. 14, 2020) (quoting *In re Bill of Lading Transmission & Processing Sys. Patent Litig.*, 681 F.3d 1323, 1336 (Fed. Cir. 2012)). Hydro Net alleges that Topcon's sales of the accused products to customers induce infringement of the '706 Patent. (Amended Complaint at ¶ 15.) There are no allegations that Topcon (1) had any pre-suit knowledge of the '706 Patent; (2) induced customers to make, use, sell, or otherwise infringe the '706 Patent through the accused product alone; or (3) specifically intend to encourage infringement of the '706 Patent. The threadbare allegation that "Topcon sells a product" is insufficient to state an induced infringement claim. *See Garrett*, 2020 WL 5517202, at *6 (N.D. Cal. Sept. 14, 2020) .

To establish contributory infringement, Garrett must show: "(1) that there is direct infringement, (2) that the accused infringer had knowledge of the patent, (3) that the component has no substantial noninfringing uses, and (4) that the component is a material part of the invention." *Fujitsu Ltd. v. Netgear Inc.*, 620 F.3d 1321, 1326 (Fed. Cir. 2010). Again, Hydro Net alleges that Topcon's sales of the accused products to customers "for use in end-user products" contributes to infringement. Topcon's accused FC-5000 is not a component for use in end-user products; so this allegation appears to be a remnant of a form complaint used by Hydro Net against another a target of its litigation campaign on the '706 Patent. In any event, mere allegations that a product capable of infringement is sold is not enough to state a claim for contributory infringement. *See Garrett*, 2020 WL 5517202, at *5 (N.D. Cal. Sept. 14, 2020).

Hydro Net also only alleges that Topcon learned of the '706 Patent through the filing of the Complaint. (Amended Complaint at ¶ 13.) And notice of the asserted patent only through the filing of a lawsuit limits indirect infringement claims to post-filing conduct. *Garrett*, 2020 WL 5517202, at *6 (N.D. Cal. Sept. 14, 2020) .

Finally, and most importantly, Topcon's "accused product" is not the instrumentality that allegedly meets the claim limitations—instead it is the unknown "system utilized by" the accused product. There are no allegations that Topcon induces or contributes to infringement by others with respect to that system through the mere sale of its FC-5000 product.

Accordingly, Hydro Net's indirect infringement claims are no more than mere conclusions and lack the requisite factual allegations to state plausible claims, and Topcon's Motion should be granted.

### III.   CONCLUSION

The Court should grant Topcon's Motion and dismiss Hydro Net's Amended Complaint.

Dated: November 25, 2020                    Respectfully submitted,

MASCHOFF BRENNAN
By: /s/ Jared J. Braithwaite
Jared J. Braithwaite

Attorney for Defendant
Topcon Positioning Systems, Inc.

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true and correct copy of the above and foregoing document has been served on November 25, 2020 to all counsel of record who are deemed to have consented to electronic service via the Court's CM/ECF system. Any other counsel of record will be served by electronic mail, facsimile and/or overnight delivery.

*/s/ Jared J. Braithwaite*
Jared J. Braithwaite